IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40039
Summary Calendar

_____

GILBERTO TREVINO,

Plaintiff-Appellant,

versus

TIMOTHY D. SANDERS, RN, Michael Unit;
ANICETO DOMINGUEZ, Doctor, Coffield Unit;
JOHN ZOND, Dr., Michael Unit; UNIDENTIFIED
RIGGLEMAN, X-ray Technician, Michael Unit;
LOUIS E. GIBSON, Medical Director, Michael
Unit; GARY L. JOHNSON, Director, Texas
Department of Criminal Justice,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-538

_____

November 11, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Gilberto Trevino, Texas prisoner # 578527, appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust his administrative remedies, 42 U.S.C. § 1997e(a).  Trevino filed his suit after the effective date of the Prison Litigation Reform Act ("PLRA"), and his case is thus governed by the provisions therein.  See Underwood v. Wilson, 151

_____

    *Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 292, 293 (5th Cir. 1998), <u>cert.</u> <u>denied</u>, 119 S.Ct. 1809 (1999). The PLRA amended § 1997e to require that a prisoner must exhaust his administrative remedies before filing a § 1983 action. <u>See</u> § 1997e(a). Trevino did not exhaust administrative remedies before filing suit, and his purported exhaustion of administrative remedies during the pendency of his suit does not satisfy the requirements of § 1997e(a). <u>See</u> <u>Underwood</u>, 151 F.3d at 296. Accordingly, the district court's dismissal is AFFIRMED. Trevino's motions for production of documents, a temporary restraining order, and an expedited ruling are DENIED.

JUDGMENT AFFIRMED; MOTIONS DENIED.